UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00368-TBR

HARRY S. CAMBRON and                                                                                               Plaintiff
ANDREA WETZEL

v.

RK SHOWS, INC., aka RKSHOWS.COM aka RK                             Defendants
SHOWS, et al.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant RK Shows, Inc.'s (RK Shows) Motion to Dismiss all claims against it. (Docket No. 5.) Plaintiffs Harry S. Cambron and Andrea Wetzel have responded. (Docket No. 9.) Defendant RK Shows has replied. (Docket No. 12.) This matter is now fully briefed and ripe for adjudication. For the following reasons, the Court will **DENY in part** and **GRANT in part** Defendant RK Shows' Motion to Dismiss. (Docket No. 5.) The Motion to Dismiss, (Docket No. 5), is **DENIED** as to the 42 U.S.C. § 1983 claim and **GRANTED** as to the negligent hiring claim.

BACKGROUND

Because the Court is considering a Motion to Dismiss, it will presume as true all of the factual allegations in Plaintiffs' Complaint. (Docket No. 1.) *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) Accordingly, the following Background is drawn primarily from the Complaint, (Docket No. 1), and the factual allegations assumed true for purposes of considering the Motion to Dismiss.

On April 21, 2013, Plaintiffs Cambron and Wetzel were invitees and guests at a gun and knife show "hosted" by RK Shows. (Docket No. 1-1, at 10 ¶ 7.) While at the show, Cambron purchased from a vendor a new Russian 12 gauge shotgun, unopened and still sealed in the original manufacturer's box. (*Id.* at ¶ 8.) During the show, it was announced that an "AR-15 upper receiver" was missing from a table in the show. (*Id.* at ¶ 9.)

Subsequently, as Plaintiffs were leaving the gun show, they were stopped along with all other invitees leaving the show by Defendants Elliott Clark and Brian Denton. (*Id.* at ¶ 10.) Clark and Denton were providing "police security services" for RK Shows. (*Id.*) Clark and Denton demanded each invitee allow a search of their belongings and persons, and refused to allow them to leave the premises until their property and person had been searched. (*Id.* at ¶ 11.) Plaintiffs refused to allow a search of their property or person. (*Id.* at 10-11 ¶ 12.)

Nevertheless, Plaintiffs were detained and not allowed to leave the premises for nearly one hour, after which time Clark and Denton forcibly took and searched their property and person without permission. (Docket No. 1-1, at 11 ¶ 13.) After the detainment and search proved fruitless, both Plaintiffs were allowed to leave the premises. (*Id.* at ¶ 14.) Clark and Denton worked as police officers for the City of Hillview. (*Id.* at ¶¶ 4-5.) On April 21, 2014, Plaintiffs filed suit against RK Shows asserting claims for 42 U.S.C. § 1983 violations and negligent hiring.[1] (*Id.* at 11-12.)

STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints,

---

[1] Plaintiffs also filed suit against several other Defendants, asserting additional claims of negligent training and retention and false imprisonment. (Docket No. 1-1, at 11-12.)

contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency, Inc.*, 552 F.3d at 434 (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

DISCUSSION

<u>42 U.S.C. § 1983 Claim</u>

To state a claim under section 1983, Plaintiffs must show that Defendant RK Shows, through its security, (1) deprived Plaintiffs of a right secured by the Constitution or laws of the United States and that (2) RK Shows deprived Plaintiffs of that right while acting under color of state law. *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (en banc); *see also Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). In this case, the issue is whether the second element—whether RK Shows was acting under color of state law—is alleged sufficiently to overcome the Motion to Dismiss.

RK Shows is a private actor. The principal inquiry in determining whether a private party's actions constitute "state action" under section 1983 is whether the party's actions may be "fairly attributable" to the state. *Chapman*, 319 F.3d at 833 (citation omitted); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). The Supreme Court has articulated three tests for determining whether a private party's actions are fairly attributable to the state: (1) the symbiotic relationship or nexus test; (2) the public function test; and (3) the state compulsion test. *See Wolotsky*, 960 F.2d at 1335. It appears that Plaintiffs concede that RK Shows' actions do not constitute state action under the public function or state compulsion tests.[2] (Docket No. 9, at 3-4.) Thus, this Court's analysis will focus on the symbiotic relationship or nexus test.

---

[2] In any event, the Court notes that under either the public function or state compulsion test RK Shows' actions would not constitute state action. "The public function test requires that the private entity exercise powers that are traditionally exclusively reserved to the state, such as holding elections." *Wolotsky*, 960 F.2d at 1335 (citations omitted). The public function test has been interpreted narrowly. *Chapman*, 319 F.3d at 833. Only functions like holding elections, exercising eminent domain, and operating a company-owned town fall under this category of state action. *Id.* at 833-34 (citations omitted). Plaintiffs make no showing or even allege that RK Shows exercised such

"Under the symbiotic relationship or nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Wolotsky*, 960 F.2d at 1335. "It must be demonstrated that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for purposes of section 1983." *Id*. "Merely because a business is subject to state regulation does not by itself convert its action into state action." *Id*. "The inquiry is fact-specific, and the presence of state action is determined on a case-by-case basis." *Chapman*, 319 F.3d at 834. "Although it is possible to determine . . . whether a person acted under color of state law as a matter of law, there may remain in some instances unanswered questions of fact regarding the proper characterization of the actions for the jury to decide. *Id*.

In *Chapman v. Higbee Co.*, 319 F.3d 825, 828-29 (6th Cir. 2003) (en banc), a customer sued a department store, Dillard's, after its security officer stopped and searched her due to a suspicion of shoplifting. The security officer: (1) stopped the customer; (2) directed her back to the fitting room; (3) searched, along with a female manager, her purse; and (4) had a female manager accompany her into a fitting room where the customer removed her coat and suit jacket and lifted up her shirt. *Id*. at 828. The security officer was an off-duty sheriff's deputy and was wearing his official sheriff's department uniform, badge, and sidearm. *Id*. "Dillard's Rules and

---

powers. Detention of a suspected shoplifter is not an exclusive state function. *Id*. at 838. Accordingly, Plaintiff cannot establish RK Shows is a state actor under the public function test.

"The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky*, 960 F.2d at 1335 (citations omitted). "More than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives." *Id*. In this case there is no allegation or suggestion that the state acquiesced or approved of the Defendants' purported wrongful conduct, much less coerced such action. Accordingly, Plaintiff cannot establish RK Shows is a state actor under the public function test.

Procedures for Security Personnel" prohibited strip searches and instructed personnel to "call the police" if it was suspected that "stolen objects are hidden on the shopper's person." *Id*.

The Sixth Circuit found issues of material fact existed as to whether under the symbiotic relationship or nexus test the department store's security officer acted under color of state law, which precluded summary judgment to Dillard's on the § 1983 claim. *Id*. at 835. In finding summary judgment unwarranted, the Sixth Circuit emphasized that: (1) the security officer was an off-duty sheriff's deputy; (2) was wearing his official sheriff's department uniform, badge, and sidearm; and (3) was obligated to obey Dillard's policies and regulations, which directly implicated the state by directing personnel to "call the police" if they suspected stolen objects were hidden on the shopper's person. *Chapman*, 319 F.3d at 834-35.

In this case, Plaintiffs have alleged that Clark and Denton were police officers for the City of Hillview and were "providing police security services for Defendant RK at the show." (Docket No. 1-1, at 9-10 ¶¶ 4-5, 11.) RK Shows argues that *Chapman* is distinguishable from this case because Plaintiffs' Complaint does not allege Clark and Denton were acting pursuant to RK Shows' policies, were wearing official police department uniforms, or wearing/using official police equipment, gear, or weapons.

Notably, *Chapman* involved a motion for summary judgment, rather than a motion to dismiss. Drawing all reasonable inferences in favor of the Plaintiffs, the nonmoving parties, the Court will **DENY** the Motion to Dismiss as to the § 1983 claim against RK Shows. At this early stage of the litigation the Court finds the Complaint states a "plausible" claim for relief and that discovery is warranted. Plaintiffs allege that Clark and Denton, police officers for the City of Hillview, were providing "*police* security services for Defendant RK at the show." (Docket No. 1-1, at 9-10 ¶¶ 4-5, 11) (emphasis added). The description of "*police* security services" signifies

more than just private security services. Notably, the inclusion of "police" could be in reference to their use of official uniforms, firearms, or badges. *See Chapman*, 319 F.3d at 835 ("Additionally, if Chapman did not feel free to leave, as a result of the security officer's sheriff's uniform, his badge, or his sidearm, a reasonable jury could find the detention was a tacit arrest and fairly attributable to the state. Therefore, we find that there is a genuine issue of material fact as to whether the security officer acted under "color of state law" when he asked Chapman to enter the fitting room with the sales manager so that Chapman's clothes and person could be searched."). Moreover, it could also indicate that their services were in their capacity as police officers, which would clearly make their conduct "fairly attributable" to the state. *Wolotsky*, 960 F.2d at 1335. Thus, Plaintiffs have alleged a plausible claim to survive a Motion to Dismiss.[3]

In denying the Motion to Dismiss by RK Shows on the § 1983 claim the Court passes no judgment on the ultimate outcome of that claim. Discovery may reveal that Clark and Denton's actions and employment were consistent with that of private security and that there is no further action that is "fairly attributable" to the state. However, at this early stage of the litigation, the Court finds dismissal would be inappropriate as a plausible claim has been alleged.

Negligent Hiring Claim

"Under Kentucky law, the two elements of a suit for negligent hiring and retention are that (1) the employer knew or reasonably should have known that the employee was unfit for the job for which he was employed, and (2) the employee's placement or retention at that job created

---

[3] The Court recognizes that this result may appear to be at odds with *Meinhart v. Campbell*, 2008 WL 1860273 (W.D. Ky. April 24, 2008). However, in drawing reasonable inferences in favor of the Plaintiffs, the Court does not believe its analysis here is at odds with *Meinhart* and, in any event, would respectfully disagree with *Meinhart*'s analysis to the extent it is inconsistent with this Court's. In *Meinhart*, this Court found that merely because a private actor retains an off-duty police officer to protect its property does not implicate the state as a *per se* matter and the plaintiff must make some additional showing of state action for a § 1983 claim. Accordingly, the *Meinhart* court granted a motion to dismiss by a private corporation on a § 1983 claim. *Meinhart*, 2008 WL 1860273 at *2. In this case, for the reasons discussed above, the Court finds such an additional showing has been alleged and dismissal is not appropriate.

an unreasonable risk of harm to the plaintiff." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000). Plaintiffs' Complaint, in relevant part, states:

> **Count II – NEGLIGENT HIRING**
> 16. Through the foregoing described acts by the Defendants, individually and/or acting in conjunction with other Defendants, Defendant RK failed to ensure the safety of the civil rights of all invitees through their negligent hiring of Defendants Clark and Denton, directly and proximately causing the violation of the civil rights of Plaintiffs.

(Docket No. 1-1, at 11-12.)

Plaintiffs have made no allegations that RK Shows "knew or reasonably should have known" that Clark and Denton were "unfit" for the job. *Stalbosky*, 205 F.3d at 894; *see also Warner v. Bob Evans Farms, Inc.*, 2010 WL 1451354, at *3 (E.D. Ky. Apr. 8, 2010) (dismissing negligent hiring claim and noting no allegations were made that the defendant "knew or should have known at the time the employees were hired they were unfit for duty").[4] Plaintiffs have failed to allege facts sufficient to support the claim and have failed to plead the elements of a cause of action for negligent hiring. A "naked assertion" devoid of "further factual enhancement" cannot survive a motion to dismiss. *Twombly*, 550 U.S. at 557. Accordingly, the Court will **GRANT** Defendant RK Shows' Motion to Dismiss, (Docket No. 5), as to the negligent hiring claim.

---

[4] Notably, Plaintiffs have not addressed RK Shows' contention that the negligent hiring claim should be dismissed, other than a brief statement that "[t]he Plaintiffs' 42 U.S.C. § 1983 claims, and negligent hiring claims, should not be dismissed." (Docket No. 9, at 2.)

CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Defendant RK Shows' Motion to Dismiss, (Docket No. 5), is **DENIED in part** and **GRANTED in part**. The Motion to Dismiss, (Docket No. 5), is **DENIED** as to the 42 U.S.C. § 1983 claim and **GRANTED** as to the negligent hiring claim.

IT IS SO ORDERED.

Date:

cc: Counsel