UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-368

HARRY S. CAMBRON, *et al,*                                                    Plaintiffs

v.

RK SHOWS, INC, *et al,*                                                       Defendants

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Elliott Clark's Motion for Summary Judgment.  (Docket No. 15.)  The time for Plaintiffs to respond has passed.  This matter is now ripe for adjudication.  For the following reasons, the Court will **GRANT** Defendant Clark's Motion for Summary Judgment.

## BACKGROUND

On April 21, 2013, Plaintiffs Cambron and Wetzel were guests at a gun and knife show hosted by RK Shows.  (Docket No. 1-1, at 10 ¶ 7.)  While at the show, Cambron purchased from a vendor a new Russian 12 gauge shotgun, unopened and still sealed in the original manufacturer's box.  (*Id*. at ¶ 8.)  During the show, it was announced that an "AR-15 upper receiver" was missing from a table.  (*Id*. at ¶ 9.)

As Plaintiffs were leaving the gun show, they were stopped by Defendants Elliott Clark and Brian Denton.  (*Id*. at ¶ 10.)  Plaintiffs allege that Clark and Denton were providing "police security services" for RK Shows.  (Id.)  Clark and Denton demanded each invitee allow a search of their belongings and persons, and refused to allow them to leave the premises until their property and person had been searched.  (*Id*. at ¶ 11.)  Plaintiffs refused to allow a search of their property or person.  (*Id*. at 10-11 ¶ 12.)  Nevertheless, Plaintiffs were detained and not allowed to leave the premises for nearly one hour, after which time Clark and Denton forcibly took and

1

searched their property and person without permission.  (Docket No. 1-1, at 11 ¶ 13.)  After the detainment and search proved fruitless, both Plaintiffs were allowed to leave the premises.  (*Id.* at ¶ 14.)

Defendant Clark has filed a Motion for Summary Judgment, alleging that he "was not present at the gun show providing security, or in any capacity[; that he] has never worked for, or provided security services for, named Defendant RK Shows, Inc, [and that he] has never worked for, or provided security services for, any entity at the Kentucky Fair and Exposition Center . . . ."  (Docket No. 15, at p. 2-3.)

## STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact."  *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of

material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id*. (internal quotation marks omitted). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P . 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id*.

## DISCUSSION

Clark has filed a Motion for Summary Judgment, alleging that he "was not present at the gun show providing security . . . ." (Docket No. 15 at p. 2-3.) In support, he attaches his Affidavit, swearing that he never worked for or provided security services for RK Shows, Inc. or any entity at the Kentucky Fair and Exposition Center. (Docket No. 15-3.) Further, he alleges that as an employee of the Hillview Police Department, he would have had to complete a "Secondary (Off-Duty) Employment Request Form which is submitted to a supervisor for approval" in order to perform any off-duty employment. *Id.* "The officer who would have approved such a request from Defendant Clark is Ken Straughn." *Id.* In support, Clark attaches Straughn's Affidavit, in which he states that "he performed a review of the Hillview Police

Department's records and found no Secondary (Off-Duty) Employment Request Forms submitted by Defendant Clark for secondary employment on April 21, 2013" or for any work for RK Shows at any time.  (Docket No. 15-4.)

Plaintiffs did not respond to Defendant's Motion.  Defendant's Motion was properly made and supported, however, the opposing party has not responded with specific facts to generate a genuine issue of material fact.  *See* Fed. R. Civ. P. 56(e)(2).  Thus, the Court will grant the Defendant's Motion.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Defendant Clark's Motion for Summary Judgment, (Docket No. 15), is **GRANTED**.  The Clerk of Court is **DIRECTED** to terminate Elliott Clark as Defendant.